The PEOPLE of the State of
Colorado, Petitioner,

v.

James R. LOVE, Respondent.

No. 89SA103.

Supreme Court of Colorado,
En Banc.

May 30, 1989.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for petitioner.

PER CURIAM.

The Unauthorized Practice of Law Committee of the Colorado Supreme Court (Committee) filed a petition to enjoin the respondent, James R. Love, from engaging in acts constituting the unauthorized practice of law in Colorado. We issued a rule to show cause why an injunction should not issue, C.R.C.P. 234, and now make the rule absolute.

Respondent is the president of Pyramid Financial and Insurance Services, Inc. (Pyramid), a Colorado corporation, with an office in Aurora, Colorado. Respondent is not now and has never been admitted to practice law in Colorado or in any other jurisdiction.

The Committee alleges in its petition that respondent, in his individual capacity and as president of Pyramid, has engaged in conduct constituting the unauthorized practice of law. That conduct consisted of preparing a will in 1987 for Albert Jennings for a fee of $275; preparing a "power of attorney-in-fact" and revised signature agreements on various bank accounts for Jennings for a fee of $150; representing Mable Turner in an Arapahoe County District Court action brought against her by the Board of County Commissioners of Arapahoe County for a fee of $225; preparing a "durable general power of attorney" for Olethia Schiro for a fee of $150; and preparing a quit claim deed for Jennings and Turner for a fee of $1,500. The $1,500 fee respondent charged purportedly included financial planning and other consultations.

On March 17, 1989, we issued a rule to show cause. The respondent failed to file an answer and show cause why he should not be enjoined from the unauthorized practice of law, assessed the costs of this proceeding, and ordered to pay restitution of all fees received for unauthorized practice pursuant to C.R.C.P. 234. Accordingly, we deem the allegations of the petition admitted. C.R.C.P. 234(d).

In *Unauthorized Practice, Etc. v. Grimes*, 654 P.2d 822 (Colo.1982), we considered both the constitutional basis and inherent power of this court to regulate the practice of law and to prohibit the unauthorized practice of law.

Since the respondent has admitted that he is practicing law in Colorado without a

license, and therefore engaging in the unauthorized practice of law, the rule to show cause is made absolute. Respondent is enjoined from practicing law in Colorado, and is further ordered to make restitution of the fees received for his unauthorized practice of law.